**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**KARLA B.,**

                                        **Plaintiff,**

        **vs.**                                                **8:18-CV-1273**
                                                          **(MAD/DJS)**

**NANCY A. BERRYHILL,**
_Commissioner of Social Security_,

                                        **Defendant.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**BINDER & BINDER LAW FIRM**            **CHARLES E. BINDER, ESQ.**
485 Madison Avenue
Suite 501
New York, New York 10022
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **PADMA GHATAGE, ESQ.**
Office of the Regional General Counsel
Region II
26 Federal Plaza
Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 30, 2018, Plaintiff Karla B. ("Plaintiff") initiated this proceeding to review a

final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff

Social Security Disability benefits and Supplemental Security Income benefits.  _See_ Dkt. No. 1.

The matter was initially heard by this Court, which resulted in an order endorsing the parties'

stipulation to remand the case for further administrative proceedings.  _See_ Dkt. No. 12.  Currently

before the Court is a petition by Plaintiff's attorney, Charles E. Binder ("Binder"), for attorney's fees pursuant to Section 406(b) of the Social Security Act.  *See* 42 U.S.C. § 406(b); *see also* Dkt. No. 16.

## II. BACKGROUND

Plaintiff's alleged disability began on April 24, 2015, related to anxiety disorder, personality disorder, post-traumatic stress disorder, attention deficit disorder, hypertension degenerative joint disease of the knees and hips, and obesity.  *See* Dkt. No. 1 at ¶ 4.  After being denied benefits on application and then reconsideration, Plaintiff's appeal was heard by an Administrative Law Judge on November 3, 2017.  *See id.* at ¶ 8.  That hearing resulted in a denial of benefits, the review of which was denied by the Appeals Council on August 28, 2018.  *See id.* at ¶¶ 9, 11.  The proceeding before this Court then ensued, which resulted in a remand to the Commissioner on June 5, 2019.  *See* Dkt. Nos. 12, 13.  Upon remand, an Administrative Law Judge issued a favorable determination, finding Plaintiff disabled since her alleged onset date of April 24, 2015.  *See* Dkt. No. 16-2 at ¶ 6.

Plaintiff had initially agreed to a contingency fee agreement with counsel for Plaintiff wherein counsel would be paid twenty-five percent of any award granted to Plaintiff upon remand to the Commissioner.  *See* Dkt. No. 16-3 at 2.  Subsequent to this Court's order of remand on June 12, 2019, the parties consented to counsel for Plaintiff receiving attorney's fees in the amount of $7,250.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), *see* Dkt. No. 14, as approved by an order signed by this Court, dated June 28, 2019 ("EAJA Award").  *See* Dkt. No. 15.  These fees were partially offset due to Plaintiff's federal debt in the total amount of $2,536.37; therefore, counsel for Plaintiff received only $4,713.63.  *See* Dkt. No. 16-2 at ¶ 5; Dkt. No. 16-3 at 5.

Counsel for Plaintiff received a Notice of Award dated May 13, 2020, indicating that $11,768.50 of Plaintiff's past due benefits were being withheld for the payment of attorney's fees. *See* Dkt. No. 16-3 at 11–12 ("Plaintiff's Award").  Counsel for Plaintiff indicates that, upon payment of the $11,768.50 currently being held by the Commissioner as part of Plaintiff's Award, he will refund to Plaintiff an amount equal to the sum awarded to Plaintiff pursuant to the EAJA Award, to the extent they were not offset, or $4,713.63.  *See* Dkt. No. 16-4 at 3.  The United States does not oppose the current petition.  *See* Dkt. No. 17.

### III. DISCUSSION

Section 406(b)(1) of the Social Security Act provides as follows:

> Whenever a court renders a judgment favorable to a claimant . . .
> who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for
> such representation, not in excess of 25 percent of the total of the
> past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1).  As noted by the Supreme Court, contingency fee agreements are not inconsistent with the directives of Section 406(b).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.*  "Thus, it is a court's responsibility to determine whether the requested fees are unreasonable, as required by the [Social Security] Act and the Supreme Court in *Gisbrecht*."  *Boyd v. Barnhart*, No. 97 CV 7273, 2002 WL 32096590, *2 (E.D.N.Y. Oct. 24, 2002); *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("Based on these principles, we hold that where there is a contingency fee arrangement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable") (citations omitted).

3

"The Second Circuit identified the following factors for a court to consider as a basis for refusing to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney." *Smith v. Colvin*, No. 1:09-CV-470, 2014 WL 1413630, *1 (N.D.N.Y. Apr. 11, 2014) (citations omitted). Moreover, the Second Circuit has noted that a district court "must give due deference to the intent of the parties." *Wells*, 907 F.3d at 372.

In the instant case, the Court notes that the twenty-five percent contingency fee agreement resulted from an arrangement agreed to by Plaintiff and counsel.[1] *See* Dkt. No. 16-3 at 2–3. Further, it is clear that Plaintiff's fee agreement is within the Social Security Act's twenty-five percent cap. *See id.* On the record, there is no indication of fraud or overreaching by counsel, nor has any been asserted by the United States, which, as noted, does not object to the instant petition. *See generally* Dkt. No. 17. Moreover, the Commissioner concedes that the sought-after fee is comparable to rates generally approved within this District and within the Second Circuit. *See id.* at 4.

Furthermore, on the question of a windfall for Plaintiff's counsel, the Court notes that Mr. Binder spent 3.70 hours and an additional attorney, Daniel S. Jonas, spent 32.50 hours in representing Plaintiff in this matter, as detailed in a Schedule of Hours. *See* Dkt. No. 16-3 at 7. This results in a *de facto* hourly rate of approximately $325.10 per hour. *See* Dkt. No. 16-4 at 2. Given their experience and level of success in this matter, the Court finds that this amount would not result in a windfall. *See Boyd*, 2002 WL 32096590, at *3; *see also generally* Dkt. No. 16-2;

---

[1] As a preliminary matter, the Commissioner concedes that the present Section 406(b) motion was timely filed. *See* Dkt. No. 17 at 2.

4

Dkt. No. 16-4.

There is an additional factor to be considered in determining the reasonableness of the fee requested.  *See Smith*, 2014 WL 1413630, at \*1.  Counsel previously received the balance of the EAJA Award in the amount of \$4,713.63 for attorney's fees.  *See* Dkt. No. 16-2 at ¶ 5.  Counsel indicates that he will return this lesser award to Plaintiff.  *See* Dkt. No. 16-4 at 3; *see also Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).  The Court, therefore, incorporates into its holding an order requiring counsel for Plaintiff to refund the balance of the EAJA Award, or \$4,713.63, to Plaintiff promptly upon receiving final payment from the Commissioner.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to award attorney's fees (Dkt. No. 16) is **GRANTED** in the amount of \$11,768.50; and the Court further

**ORDERS** that the Commissioner shall release the funds withheld from Plaintiff's Award as set forth herein; and the Court further

**ORDERS** that, upon receipt of the payment from the Commissioner, counsel for Plaintiff must immediately refund Plaintiff the amount of \$4,713.63; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2020
       Albany, New York

Mae A. D'Agostino
U.S. District Judge